FILED
MAR 2 1 2016
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 04-536-1 (RBW) |
| ) | (UNDER SEAL) |
| LOWELL BRIAN LAMONT, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

This criminal matter is currently before the Court on the defendant's motion for a sentence reduction. See Motion to Reduce ("Def.'s Mot.") at 1 (moving the Court "to reduce his current sentence of 180 months imprisonment to a term of 144 months imprisonment"). The government opposes any reduction to his sentence. See Government's Opposition to Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c) and Amendments 782 [and] 788 ("Govt.'s Opp'n") at 1. Upon careful consideration of the parties' submissions, as well as their oral arguments at a March 14, 2016 hearing on the motion, the Court concludes for the following reasons that although the defendant is eligible for a sentence reduction, no reduction is warranted.

### I. BACKGROUND

The defendant pleaded guilty to one count of conspiring to distribute five or more kilograms of cocaine, with the intent that the cocaine be distributed within the United States in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(iii) (2000) and 21 U.S.C. § 846 (2000). See Plea Agreement ("Plea Agmt.") ¶ 1, ECF No. 271; see also Judgment in a Criminal Case ("J.") at 1, ECF No. 349. As part of the plea agreement, made pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the defendant and the government "agree[d] that a sentence of 180

1

months [was] the appropriate sentence for the offense to which [the defendant] [pleaded] guilty." Plea Agmt. ¶ 3. Of course, notwithstanding their agreement, the parties understood that the Court was not bound to accept the sentencing component of the agreement. See id. ¶ 2 (recognizing that the defendant would be "sentenced upon consideration of the United States Sentencing Guidelines"[1] in the event that "the Court [did] not agree that the sentence agreed upon by the parties [was] appropriate"); id. ¶ 3 ("The [g]overnment agrees . . . to present this plea agreement between the parties to the Court for its approval. . . . The parties understand, however, that in light of other factors[,] the Court may not agree that such a sentence is an appropriate one . . . ."); id. ¶ 7 ("[The defendant] understands should the Court not accept the recommended sentence of 180 months, and . . . [there is a continued insistence to plead guilty], [the] sentence in this case will be imposed . . . upon consideration of the . . . Sentencing . . . Guidelines Manual. [The defendant] further understands that in that case, the sentence to be imposed is a matter solely within the discretion of the Court. [The defendant] acknowledges that the Court is not obligated to follow any recommendation of the [g]overnment at the time of sentencing."). During the Court's plea colloquy with the defendant, the Court advised the defendant that "there [were] a number of factors [that the Court had] to take into account in deciding what the appropriate sentence should be." October 19, 2005 Plea Hearing Transcript ("Plea Tr.") at 21:21-23. One of those factors was "the United States Sentencing Guidelines." Id. at 22:8-9. The Court explained to the defendant that although "[t]hose [Sentencing] [G]uidelines [were] no longer mandatory, . . . [it] still [had] to consider them and decide whether or not a sentence within those guidelines [was] appropriate." Id. at 22:9-12.

At the defendant's sentencing, the Court "reluctantly [went] along with the recommendation made by the government . . . [for a] [180-month] sentence . . . ." January 20,

---

[1] Hereinafter, they will be referred by the Court simply as the "Sentencing Guidelines" or the "Guidelines."

2006 Sentencing Hearing Transcript ("Sentencing Tr.") at 8:11-15; see also id. at 10:8-9 ("So [the Court] will sentence you to 180 months in prison. That is within the [Sentencing] [G]uidelines."). Since his sentencing, the defendant has twice—unsuccessfully—sought to reduce his sentence. See January 22, 2009 Order ("Jan. 2009 Order"), ECF No. 489; March 20, 2006 Order ("Mar. 2006 Order"), ECF No. 390. He now seeks a sentence reduction of his sentence for a third time because of recent amendments to the Sentencing Guidelines that allow the Court to lower his base offense levels by two points retroactively. Def.'s Mot. at 3 (citing Amendment 782 to the Sentencing Guidelines).

## II. ANALYSIS

"The [C]ourt may not modify a term of imprisonment once it has been imposed," unless certain situations come to bear. 18 U.S.C. § 3582(c) (2012). One such situation includes:

> the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. [§] 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Id. § 3582(c)(2). To grant a motion for a sentence reduction under § 3582(c)(2), two conditions must be met: (1) the prisoner must be eligible for the requested reduction; and (2) an early release must be warranted. See Dillon v. United States, 560 U.S. 817, 827 (2010).

### A. Whether The Defendant Is Eligible For A Sentence Reduction

The defendant's eligibility for a sentence reduction hinges on an understanding of both Freeman v. United States, _ U.S. _, 131 S. Ct. 2685 (2011), and United States v. Epps, 707 F.3d 337 (D.C. Cir. 2013). In Freeman, a majority of the Supreme Court held that a defendant, who enters into a Rule 11(c)(1)(C) plea agreement that is subsequently accepted by the Court, is not

3

categorically barred "from seeking a reduction of his sentence pursuant to § 3582(c)(2) based on a retroactive amendment to the [S]entencing [G]uidelines." _U.S. at _, 131 S. Ct. at 2690. But that majority arrived at the holding in different manners. A four-Justice plurality reasoned that § 3582(c)(2) relief was available to the defendant whenever the district court sentences the defendant "based on" the Sentencing Guidelines. Id. at _, 2695 ("Even when a defendant enters into [a] [Rule] 11(c)(1)(C) [plea] agreement, the [district court's] decision to accept the plea and impose the recommended sentence is likely to be based on the [Sentencing] Guidelines; and when it is, the defendant should be eligible to seek § 3582(c)(2) relief."). The plurality explained that

> [i]n every case the [district court] must exercise discretion to impose an appropriate sentence. This discretion, in turn, is framed by the [Sentencing] Guidelines. And the [Sentencing] Guidelines must be consulted, in the regular course, whether the case is one in which the conviction was after a trial or after a plea, including a plea pursuant to an agreement that recommends a particular sentence. The district [court]'s decision to impose a sentence may therefore be based on the [Sentencing] Guidelines even if the defendant agrees to plead guilty under Rule 11(c)(1)(C). Where the decision to impose a sentence is based on a range later subject to retroactive amendment, § 3582(c)(2) permits a sentence reduction. Section 3582(c)(2) empowers district [courts] to correct sentences that depend on frameworks that later prove unjustified. There is no reason to deny § 3582(c)(2) relief to defendants who linger in prison pursuant to sentences that would not have been imposed but for a since-rejected, excessive range.

Id. at _, 2690 (emphasis added). Justice Sotomayor disagreed with this four-justice plurality and more narrowly reasoned that § 3582(c)(2) relief was available to the defendant if the Rule 11(c)(1)(C) plea agreement "expressly uses a [Sentencing] Guidelines . . . range to establish the term of imprisonment, and that range is subsequently lowered by the [Sentencing] Commission . . . ." Id. at _, 2698.

The District of Columbia Circuit, in a two to one decision, has endorsed and adopted the plurality's reasoning in Epps. 707 F.3d at 351 ("Freeman interpreted § 3582(c)(2) to mean that

4

the focus [on whether to reduce a sentence], even when there is a . . . plea agreement, ought to be on the reasons given by the district court for accepting the sentence that it ultimately imposed, not on the parties' agreement. A contrary focus on the parties' intentions would contribute to the unwarranted disparity that the [Sentencing Reform] Act was designed to reduce. The [Freeman] plurality thus reasonably viewed § 3582(c)(2) as a mechanism for helping to reduce unwarranted sentencing disparities, such as the crack-cocaine range." (citing _U.S. at _, 131 S. Ct. at 2694, 2695)); see also In re Sealed Case, 722 F.3d 361, 365-66 (D.C. Cir. 2013) ("[W]e . . . announced in Epps that we would follow the plurality's view. . . . Under Epps, it is clear that the appellant's sentence was 'based on' a subsequently-lowered range. . . . The record leaves no doubt that the appellant's guideline range was 'a relevant part of the analytic framework' used in the district court's sentencing calculus, and that his sentence was therefore 'based on' his guideline range." (footnote omitted)). Although Epps places the Circuit "out of step with every other court of appeals that has considered Freeman," United States v. Duvall, 740 F.3d 604, 609 (D.C. Cir. 2013) (Kavanaugh, J.) (concurring in denial of rehearing en banc); see also id. at 608 ("Justice Sotomayor's [concurring] opinion resolved the case on the narrowest grounds and is therefore the binding opinion in Freeman. Adhering to her opinion would produce results with which a majority of the Freeman Court would agree. Not surprisingly, every other court of appeals to consider the question has therefore determined that Justice Sotomayor's opinion is the binding opinion." (citations omitted)); United States v. Gross, No. 10-cr-36 (PLF), 2016 WL 410985, at *4 n.3 (D.D.C. Feb. 2, 2016) ("Justice Sotomayor's concurrence . . . has been considered controlling by every other circuit to have considered the question." (citations omitted)), the Court is bound by Epps. Therefore, "a sentence is 'based on' a guideline range 'to whatever extent' that range 'was a relevant part of the analytic framework the [district court] used to determine the

sentence or to approve the [plea] agreement." In re Sealed Case, 722 F.3d 361, 365 (D.C. Cir. 2013) (quoting Freeman, _ U.S. at _, 131 S. Ct. at 2692-93). At bottom,

> a sentence that emerges from a Rule 11(c)(1)(C) plea agreement is always eligible for a subsequent reduction because "[t]he [Sentencing] Guidelines require the district [court] to give due consideration to the relevant sentencing range, even if the defendant and prosecutor recommend a specific sentence as a condition of the guilty plea."

Id. (first alteration in original) (quoting Freeman, _ U.S. at _, 131 S. Ct. at 2692); see also Duvall, 740 F.3d at 614 n.5 (Kavanaugh, J.) ("So under the plurality approach [in Freeman], a sentence in a Rule 11(c)(1)(C) case will always be 'based on' a [Sentencing] Guidelines . . . range. Indeed, this [Circuit] recently said just that about . . . [the] plurality opinion." (citing In re Sealed Case, 722 F.3d at 363)).

Here, despite the Court's concurrence with the parties' agreement to a 180-month sentence, it did not concur without reservation. To be sure, however, the Court, at least to some degree, considered the Sentencing Guidelines when it contemplated accepting or rejecting the parties' agreement at the defendant's sentencing.[2] See Sentencing Tr. at 3:21-23 ("This was a very serious crime . . . , but the [Sentencing] Guidelines do reflect that, and [the government] think[s] the plea agreement reflects that as well."); id. at 10:8-9 ("So [the Court] will sentence you to 180 months in prison. That is within the [Sentencing] [G]uidelines."); see also Plea Tr. at 21:21-22:12 (advising the defendant that the Court would take into account the Sentencing Guidelines in determining the appropriate length of the sentence); Mar. 2006 Order at 1 ("The sentence imposed by the Court was within the applicable guideline range of 168 to [210]

---

[2] During the March 14, 2016 hearing on the defendant's motion, the Court explained that it afforded the parties great deference—as it always does—in negotiating a term of imprisonment for the purposes of a Rule 11(c)(1)(C) plea agreement. Even so, and to be clear, the Court nevertheless considered—and always does consider—the Sentencing Guidelines, at least partially, given that the government itself also did. See Government's Memorandum in Aid of Sentencing at 1 ("The government requests that the Court impose the 180[-]month sentence agreed on by the parties in their [Rule] 11(c)(1)(C) [p]lea [a]greement. This sentence would be within the Sentencing Guideline range."), ECF No. 330; see also Sentencing Tr. at 3:21-23.

6

months."). Such consideration was necessary because the Court is "forbid[den]" from "accept[ing] [a Rule] 11(c)(1)(C) [plea] agreement without first evaluating the recommended sentence in light of the defendant's applicable sentencing range." Freeman, _ U.S. _ at _, 131 S. Ct. at 2692 (relying on commentary to U.S. Sentencing Guidelines Manual § 6B1.2). "The [Sentencing] Guidelines require the [Court] to give due consideration to the relevant sentencing range, even if the defendant and prosecutor recommend a specific sentence as a condition of the guilty plea." Id. Mindful of its obligations when it sentenced the defendant in this case, the Court rejects the government's notion that "the basis for the 180-month sentence was the plea agreement, rather than a guideline range that has since been retroactively reduced." Govt.'s Opp'n at 3. The defendant is, therefore, eligible for a sentence reduction.[3]

### B. Whether Early Release Is Warranted

Having found that the defendant is eligible for a sentence reduction,[4] the Court must now assess whether the factors designated in 18 U.S.C. § 3553(a) (2012) warrant reduction of the

---

[3] The Court recognizes that other members of this Court, when confronted with a situation similar to the case at bar, have arrived at outcomes that are inconsistent with the one reached by the Court today. See, e.g., Gross, 2016 WL 410985, at *4 ("[T]he Court's decision to accept the plea agreement was not based on the Sentencing Guidelines. To the contrary, the Court clearly articulated throughout the proceedings its belief that the [Sentencing] Guidelines were irrelevant to [the defendant's] sentence because the plea agreement was a global resolution of all the pending charges against [the defendant] in both the federal and local courts."); United States v. Santana-Villanueva, _ F. Supp. 3d _, _, 2015 WL 7274025, at *2 (D.D.C. 2015) ("The plea agreement is structured such that the [Sentencing] Guidelines offer a sentencing range only if the Court rejects the negotiated 96-month prison term, which, once again, it did not. The agreement's underlying structure, in conjunction with the fact that the agreement's contingent provision invoking the [Sentencing] Guidelines was not triggered, support a finding that [the defendant's] original sentence was not 'based on' the [Sentencing] Guidelines."). But see United States v. Galaviz, _ F. Supp. 3d _, _, 2015 WL 5442371, at *4 (D.D.C. 2015) ("While the Court accepted the parties' agreed-upon sentence, the Court notes that the guideline range was a relevant part of the analytic framework that it used to determine the appropriate sentence and, as such, its sentencing decision was 'based on' the subsequently-lowered guideline range."). The Court respectfully disagrees with those members of this Court, as this Circuit has effectively held, through its subscription to the Freeman plurality, that "a sentence that emerges from a Rule 11(c)(1)(C) plea agreement is always eligible for a subsequent reduction because '[t]he [Sentencing] Guidelines require the district [court] to give due consideration to the relevant sentencing range, even if the defendant and prosecutor recommend a specific sentence as a condition of the guilty plea.'" In re Sealed Case, 722 F.3d at 365 (first alteration in original) (emphasis added) (quoting Freeman, _ U.S. at _, 131 S. Ct. at 2692); see also Duvall, 740 F.3d at 614 n.5 (Kavanaugh, J.).

[4] "It is not disputed that, if [the] defendant's [sentencing] range were calculated . . . [with consideration of] Amendment 782," the new applicable range would be from "[135 to 168] months." Govt.'s Opp'n at 4.

defendant's sentence. See, e.g., Dillon, 560 U.S. at 827; see also 18 U.S.C. § 3582(c)(2) ("the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable" (emphasis added)). They do not.

First, the defendant was one of the two leaders of a conspiracy, comprised of at least twelve co-conspirators, to import large amounts of cocaine and heroin into the Washington, DC metropolitan area, which were then distributed by other members of the conspiracy throughout the area. See Presentence Investigation Report ("PSR") ¶¶ 1-53; see also United States v. Butler, _ F. Supp. 3d _, _, 2015 WL 5513484, at *4-6 (D.D.C. 2015) (early release unwarranted for leaders of drug conspiracy). When law enforcement authorities searched the defendant's primary and secondary residences, pursuant to search warrants, they found a loaded firearm and a separate, loaded magazine. See id. ¶¶ 46, 50-51. Additionally, they recovered over $59,000 from his primary residence. See id. ¶ 51.

Second, this case was not the defendant's first venture into the drug distribution arena. Previously, the defendant was twice convicted of distribution-related, drug charges. See id. ¶¶ 68-70. In both of these prior convictions, the defendant received the benefit of being on community supervision. See id. ¶¶ 68-69. In 1989, when he was approximately twenty-four years old, he was convicted for attempting to distribute cocaine in the Superior Court of the District of Columbia. Id. ¶ 68. He successfully completed probation for this conviction in 1991. Id. But in 1994, when the defendant was approximately twenty-nine years old, he was convicted again of possession with the intent to distribute heroin, and following a term of incarceration, the defendant was placed on parole in 1997. Id. ¶ 69. Despite being in the midst of parole for his 1994 conviction, the defendant was convicted for a third time in this case on another distribution-related, drug charge at the age of forty years old. Id. ¶ 71; see also id. ¶¶ 1-4. The defendant's

8

history of repeated involvement in the distribution of illegal drugs gives the Court good reason to believe that early release will likely afford the defendant an advanced opportunity to resume his participation in illegal drug distribution activity. And even though the defendant presented proof of participation in a number of rehabilitation programs during his current period of incarceration, the Court is not convinced that these endeavors or his current incarceration will deter further illicit conduct once he is released. As just explained, one earlier term of incarceration and two periods of community supervision—for his convictions in 1989 and 1994—were not enough to dissuade the defendant from engaging in the conduct that resulted in his conviction in this case.

Finally, although courts should always be hopeful that individuals convicted for criminal behavior will reform, that optimism logically diminishes when conduct committed during an individual's youth is replicated later in that person's life. And in the Court's experiences, the prospects of further involvement in criminal behavior is even greater when the offense for which a defendant is before the Court for sentencing occurred when the defendant is of an advanced age—here age forty—and the offensive conduct is identical to prior conduct for which the defendant had been convicted during his youth. For these reasons, the Court finds that the defendant's sentence should not be reduced.

### III.  CONCLUSION

In short, precedent binds the Court to conclude that the defendant is eligible for a sentence reduction. Nevertheless, eligibility does not necessarily compel the Court to reduce the defendant's sentence. After considering the Sentencing Guidelines, as well as the nature of the defendant's criminal conduct in this case coupled with his criminal history, the Court finds that the sentence it imposed remains necessary, despite the subsequent reduction in the Guidelines.[5]

---

[5] The Court recognizes that the defendant's sentence of 180 months is well above the top end of the new Sentencing Guidelines range were the defendant being sentenced today. The Court is convinced, however, that today, in light of

**SO ORDERED** this 18th day of March, 2016.[6]

_____
REGGIE B. WALTON
United States District Court Judge

---

the defendant's criminal history and conduct in this case, it would reject any Rule 11(c)(1(C) plea agreement that sought to have the Court impose a sentence within the new range.

[6] The Court has contemporaneously issued an Order consistent with this Memorandum Opinion.